IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICKOLE BYBEE,                                              06-CV-850-AS

        Plaintiff,                                     ORDER

v.

MARSHALLS OF MA, INC.,
a foreign corporation,

        Defendant.


**JEFF S. NAPOLI**
Gilroy & Napoli, LLC
5335 S.W. Meadows Road
Suite 261
Lake Oswego, OR 97035
(503) 620-9887

**ARRON W. BAKER**
650 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 234-8800

        Attorneys for Plaintiff

1 - ORDER

**ANDREW M. ALTSCHUL**
Altschul Law Office, P.C.
117 S.W. Taylor Street
Suite 2600
Portland, OR 97204
(503)417-0444

**JAMES D. MCNAIRY**
**MARK P. GRAJSKI**
Sayfarth Shaw LLP
400 Capitol Mall
Suite 2350
Sacramento, CA 95814
(916) 448-0159

   Attorneys for Defendant

**BROWN, Judge.**

  Magistrate Judge Donald C. Ashmanskas issued Findings and Recommendation (#26) on March 13, 2007, in which he recommended this Court grant Defendant's Motion for Summary Judgment (#11). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

  Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

  The Court has reviewed the legal principles *de novo* and the evidentiary record in the light most favorable to the Plaintiff, the non-moving party. The Court does not find any error in the

2 - ORDER

finding that Plaintiff was neither disabled nor perceived as disabled by Defendant. On this basis, the Court adopts the Magistrate Judge's Recommendation and grants Defendant's Motion for Summary Judgment as to Plaintiff's claims under the ADA and Oregon's disability discrimination statutes, Or. Rev. Stat. § 659A.100 *et seq*.

As to Plaintiff's Title VII claim, however, the Court concludes Plaintiff has made a *prima facie* showing of a termination sufficient to satisfy the third prong of the disparate-treatment test for Title VII claims even though Defendant offered to rehire Plaintiff shortly after her termination. With respect to the fourth prong of the disparate-treatment test for Title VII claims, the Court notes Plaintiff testified in her deposition that she mailed a copy of a completed leave-of-absence form to Defendant and also saw an employee at her doctor's office fax the completed leave-of-absence form to Defendant. In her Declaration, Laurie Soumoulis, the Human Resources Service Center Manager for Defendant, however, denies Defendant received either the mailed or the faxed copy of the completed leave-of-absence form. Thus, a genuine issue of material fact exists as to whether Defendant received the completed form but terminated Plaintiff's employment anyway in violation of Title VII. The Court, therefore, concludes Plaintiff has produced sufficient evidence to carry her *prima*

*facie* burden with respect to her Title VII claim and there is a genuine issue of material fact as to Defendant's articulated legitimate nondiscriminatory reason for terminating Plaintiff's employment.

Accordingly, the Court does not adopt the Findings and Recommendation as to Plaintiff's claims under Title VII and Or. Rev. Stat. § 659A.030 because the Court concludes a genuine issue of material fact exists as to whether Defendant's termination of Plaintiff constitutes an adverse-employment action and whether Defendant treated Plaintiff differently than people outside of her protected class or terminated her because of her disability.

## CONCLUSION

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Ashmanskas's Findings and Recommendation (#26). Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Summary Judgment (#11).

IT IS SO ORDERED.

DATED this 31st day of May, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

4 - ORDER